UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                         Case No. 24-cr-20112

v.                                        HON. MARK A. GOLDSMITH

KENYATTA SELLERS,

       Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT KENYATTA SELLERS'S MOTION TO REVOKE THE DETENTION ORDER (Dkt. 18)**

Before the Court is Defendant Kenyatta Sellers's motion to revoke the detention order pending trial (Dkt. 18).[1] For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

Sellers is charged with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Indictment (Dkt. 12). The charge against Sellers is based on a shootout that occurred on February 12, 2024. Gov't Proposed Findings of Fact and Conclusions of Law (PFFCL) at 2–3. The Government alleges that Sellers and others were inside a house known to be a gang hangout in Detroit when a car approached the house around 3:00 a.m. Id. at 3–4 (citing Exhibits A, B). According to the Government, surveillance video shows shots being fired from the car at the house. Id. at 4 (citing Exhibit B). The Government alleges that Sellers and another individual who were

---

[1] In addition to the motion, the briefing includes the Government's response (Dkt. 21). The Court held a hearing on the motion on July 16, 2024. The parties submitted proposed findings of fact and conclusions of law (PFFCL) after the hearing.

1

in the house went outside and chased the car, shooting at it as it drove away. Id. at 4–5 (citing Exhibit B).

At the time, Sellers was on probation for a conviction in state court for attempted resisting and obstructing a police officer. Id. at 7. He was also on bond and tether in connection with state court weapons and drug charges. Id.

After a detention hearing, Magistrate Judge Anthony P. Patti ordered Sellers detained pending trial. 2/27/24 Order of Detention (Dkt. 10).

## II. ANALYSIS

The court conducts a de novo review of the pretrial detention order. See United States v. Williams, 948 F. Supp. 692, 694 (E.D. Mich. 1996) ("This court reviews de novo the magistrate's order of pretrial detention.").

If, after a detention hearing, "[a] judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community," the judicial officer "shall order the detention of the person before trial." 18 U.S.C. § 3142(e). Factors to be considered in making this determination include (i) the nature and circumstances of the offense charged, (ii) the weight of the evidence against the person, (iii) the history and characteristics of the person, and (iv) the nature and seriousness of the danger posed by the defendant's release. Id. § 3142(g).

Considering these factors, the Court finds that detention of Sellers before trial is warranted. The nature and circumstance of Sellers's charged offense—felon in possession of ammunition—weigh in favor of detention. The Government has proffered evidence showing that Sellers not only possessed but used an AR-style firearm. Gov't PFFCL at 2–7. The shootout depicted on the surveillance video was both extremely dangerous and serious. It involved multiple people and

2

multiple guns, and shots were fired on a public street toward a moving car, which placed the public at large in danger. While the video does show that shots were fired from the car first, it also shows Sellers and another individual leaving the house and chasing after the car, all while shooting high-powered guns. This refutes Sellers's claim that the individuals from the house were merely "shooting defensively." Mot. at 8.

The weight of the evidence of dangerousness is also in favor of detention.[2] As detailed by the Government, Sellers has an extensive criminal history dating back to 2018. Resp. at 8–9. He has been convicted of multiple felonies, including weapons and drug charges and fleeing from a police officer. Id. The Government has also proffered evidence showing that Sellers is affiliated with a violent gang. Gov't PFFCL at 10. Taken together, the Court finds that there is strong evidence of dangerousness.

The history and characteristics of Sellers also weigh in favor of detention. As already discussed, Sellers has an extensive criminal history and there is evidence linking him to a violent gang. Further, law enforcement has had difficulty finding Sellers at his registered addresses in the past, even when he was on bond and tether. Gov't PFFCL at 10–11. Sellers argues that moving in with his mother and allowing her to serve as a third-party custodian will provide added support and structure. Mot. at 10. But this speculative claim does not outweigh Sellers's demonstrated history of disobeying law enforcement.

Lastly, the nature and seriousness of the danger posed by Sellers's release weigh in favor of detention. Strikingly, Sellers was on probation and bond when the charged offense was

---

[2] As Defendant points out, the second factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt. See United States v. Stone, 608 F.3d 939, 948 (6th Cir. 2010).

committed.  This shows that bond is not an appropriate condition of release that will reasonably assure Sellers's appearance or the safety of the community.

In summary, each of the statutory factors weighs against granting Sellers's motion for revocation of detention.

## II.  CONCLUSION

For the reasons set forth above, the Court denies Sellers's motion for revocation of detention order pending trial (Dkt. 18).

SO ORDERED.

Dated: October 29, 2024　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge